UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **ERIC SMITH,**<br><br>     Plaintiff,<br><br>v.<br><br>**CITY OF EVANSTON WYOMING,**<br>**OFFICER CODY SALOGA,**<br><br>     Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No. 1:25-cv-00037<br><br>District Court Judge David Barlow<br><br>Magistrate Judge Dustin B. Pead |

On April 11, 2025, this court issued an Order requiring Plaintiff Eric Smith to show cause as to how venue in the District of Utah is proper. (ECF No. 12, Order to Show Cause.) In response, Mr. Smith filed a slightly modified version of his original complaint along with a document containing additional information about the events at issue.[1] (ECF No. 13, Response; ECF No. 14, Updated Response). Based on the revised allegations and additional information set forth in Plaintiff's responses, venue for Plaintiff's action is not appropriate in the District of Utah.[2]

---

[1] Plaintiff's initial and revised complaints are identical except for Plaintiff's removal of his prior responses to the questions: "Where the events giving rise to your claim(s) occurred?"; and "What are the facts underlying your claim(s)?" In the revised pleading, Plaintiff leaves both questions blank. *See* ECF No. 12.

[2] Because Mr. Smith is *pro se*, the court construes his filings liberally. *See Erickson v Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). The court does not, however, act as Plaintiff's advocate. *Yang v. Archuleta,* 525 F.3d 925, 927 n.1 (10th Cir. 2008).

1

Federal statute provides that a civil case may be filed in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). "The plaintiff's domicile doesn't factor into the venue analysis." *Mosier v. Farren,* 731 F. App'x 808, 811 n.4 (10th Cir. 2018) (unpublished).

Here, the only connection to Utah is Plaintiff's address at the time of filing. Defendants are located in Wyoming and the "events or omissions giving rise to the claim[s]" occurred in Wyoming. As relief, Plaintiff seeks an injunction against the both the City of Evanston, Wyoming and the Evanston, Wyoming Police Department.

Under these circumstances, the court has discretion to dismiss or transfer Plaintiff's action to a different venue. *See* 28 U.S.C. § 1404; 28 U.S.C. § 1406; *Doering ex rel. Barrett v. Copper Mt., Inc.,* 249 F.3d 1202, 1209 n. 3 (10th Cir. 2001) ("The district court had the authority either to dismiss or transfer the case for improper venue or lack of personal jurisdiction."); *see also Johnson v. Christopher,* 233 F. App'x 852, 853 (10th Cir. 2007) (recognizing a "district court's authority under 28 U. S. C. § 1915(e) to dismiss *sua sponte* cases not merely on their merits but also based upon improper venue."). The court finds the interests of justice would not be served by a transfer of the case and recommends dismissal of the action without prejudice. Plaintiff has not paid a filing fee and there is no indication that Mr. Smith will suffer an injustice from dismissal rather than a transfer. *See Goldlawr, Inc. v Heiman,* 369 U.S. 463, 466, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962).

Accordingly, the Court RECOMMENDS that: (1) Plaintiff's Motion for Leave to Proceed In Forma Pauperis be denied (ECF No. 2); and (2) Plaintiff's action be dismissed

without prejudice for improper venue pursuant to 28 U.S.C. § 1406(a). A copy of this Report and Recommendation is being sent to Plaintiff, who is hereby notified of his right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff must file an objection to the Report and Recommendation within fourteen (14) days after receiving it. *Id.* Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 23rd day of April, 2025.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge